## SETTLEMENT AGREEMENT, WAIVER AND RELEASE

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE ("this Agreement") is made and entered into by and between **FLORIDA CAPITAL BANK, N.A.**, its affiliates, successors, officers, directors, representatives, agents, attorneys, and current and former employees, both individually and collectively (hereinafter collectively referred to as "Florida Capital Bank"), and **JANICE MCINTOSH**, her heirs, spouse, assigns, guardians, executors, administrators and attorneys (hereinafter "McIntosh").

Florida Capital Bank and McIntosh, desiring to settle in their entirety with prejudice any and all existing or potential claims McIntosh has, had, or may have had against Florida Capital Bank, including, but not limited to, any and all claims arising out of a lawsuit now pending in the U.S. District Court, Middle District of Florida, and styled *Janice McIntosh v. Florida Capital Bank, N.A.*, Case No. 3:17-cv-1047-J-32PDB, agree to the following:

1. **OBLIGATIONS OF FLORIDA CAPITAL BANK**: In consideration of McIntosh's obligations set forth below, Florida Capital Bank agrees to the following, which it is not otherwise legally obligated to provide:

   a. Florida Capital Bank will tender a check made payable to Janice McIntosh in the amount of One Thousand Seven Hundred Dollars ($1,700.00), less legal deductions, representing lost wages, for which an IRS form W-2 will be issued at the appropriate time;

   b. Florida Capital Bank will tender a check made payable to Janice McIntosh in the amount of One Thousand Eight Hundred Dollars ($1,800.00), representing One Thousand Seven Hundred Dollars ($1,700.00) in liquidate damages, and One Hundred Dollars ($100.00) for a general release, for which an IRS Form 1099 will be issued at the appropriate time;

   c. Florida Capital Bank will tender a check made payable to Richard Celler, P.A. in the amount of Six Thousand, Seven Hundred and Fifty ($6,750.00) Dollars, for which an IRS Form 1099 will be issued at the appropriate time;

   d. The checks referenced in paragraphs 1(a) and 1(b) Agreement will be delivered within ten (10) business days after the latest of the following has occurred:

   i. Receipt by Patrick D. Coleman, attorney for Florida Capital Bank, N.A., of this Settlement Agreement, Waiver and Release, fully signed and executed by McIntoch without changes;

   ii. Expiration of the consideration period contained in paragraph 13, which can be waived, and expiration of the revocation period

1

contained in paragraph 14, which cannot be waived, without any revocation by MCINTOSH; and

iii.     Receipt by Patrick D. Coleman of an IRS Form W-9 signed by McIntosh and a W-9 for Richard Celler, P.A..

iv.     Approval by the Court of this Settlement Agreement, Wavier and Release.

2.     **OBLIGATIONS OF MCINTOSH:** In consideration of the obligations of Florida Capital Bank set forth in paragraph 1 of this Agreement:

a.     McIntosh acknowledges that by signing this Settlement Agreement, she has completely settled, forever and always, each and every claim that was raised in or could have been raised resulting from McIntosh's employment by or separation from Florida Capital Bank, N.A., and, more particularly, those claims made or which could have been made in the case, now pending in the US District Court, Middle District of Florida, and styled *Janice McIntosh v. Florida Capital Bank, N.A.*, Case No. 3:17-cv-1047-J-32PDB;

b.     McIntosh agrees that by signing this Agreement she waives and releases Florida Capital Bank, its parents, subsidiaries, affiliates, related partnerships, successors, shareholders, officers, directors, representatives, agents, attorneys, and current and former employees, both individually and collectively (hereinafter collectively referred to as "the RELEASED PARTIES") of and from, all claims, rights, administrative charges, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever that McIntosh has or could have maintained against any of the Released Parties through the date of signing this Agreement, including any claim for costs or attorneys' fees. Without limiting the generality of the foregoing, McIntosh waives and releases all of the Released Parties of and from, all claims, rights, charges and causes of action relating to or arising out of McIntosh's employment by, conditions of employment with, compensation by, or separation from employment from Florida Capital Bank, including, without limitation, any claims, rights, charges or causes of action arising under:

- the Civil Rights Acts of 1866 and 1871;
- the National Labor Relations Act of 1935, as amended;
- the Fair Labor Standards Act of 1938, as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- Executive Order Nos. 11246 and 11478;
- the federal Equal Pay Act of 1963, as amended;
- the Age Discrimination in Employment Act of 1967, as amended;
- the Occupational Safety and Health Act of 1970, as amended;

2

- the Employee Retirement Income Security Act of 1974, as amended;
- the Rehabilitation Act of 1973, as amended;
- §§ 1981 – 1988 of Title 42 of the United States Code, as amended;
- the Immigration Reform and Control Act of 1984, as amended;
- the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended;
- the Americans with Disabilities Act of 1990, as amended;
- the Florida Civil Rights Act of 1992 – Fla. Stat. §§ 760.01-760.10
- the Family and Medical Leave Act of 1993;
- the False Claims Act, 31 U.S.C. §§ 3729, et seq., as amended;
- Florida's Private-Sector Whistleblower's Act – Fla. Stat. §§ 448.102.;
- Any claims brought pursuant to Chapters 440 and 448, Fla. Stat.;
- the Florida Equal Pay Act – Fla. Stat. § 725.07;
- the Florida Omnibus AIDS Act – Fla. Stat. § 760.50
- The Worker Adjustment and Retraining Notification Act, as amended;
- 15 U.S.C. §§ 7201, *et seq.*
- the Sarbanes-Oxley Act of 2002; and
- any and all other federal or state constitutional provisions, statutes, and local ordinances, as well as any and all claims sounding in tort (including any negligence based or intentional tort) or contract (whether oral, written or implied), or any other common law or equitable basis of action, except for any claim which may not lawfully be waived in this manner.

c.    McIntosh shall not seek employment or other remunerative relationship from the Released Parties, their subsidiaries, related partnerships, or agents at any time in the future.

d.    McIntosh agrees that, except as required by law, she will not furnish information to or cooperate with any non-governmental entity (other than any Released Party) which is a party to a proceeding or legal action involving any Released Party. Nothing in this paragraph shall prohibit McIntosh from responding to a valid subpoena or court order provided that McIntosh has given the Released Parties sufficient notice of such subpoena or court order to allow them an opportunity to seek a protective order or other relief limiting or barring such disclosure.

e.    Upon receipt of the checks referenced in paragraphs 1(a) and 1(b), McIntosh's attorney will file a Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit "A" within five (5) calendar days.

3.    **NON-ADMISSION**. Neither this Agreement, nor anything contained in it, shall be construed as an admission by any Released Parties or McIntosh of any liability, wrongdoing or unlawful conduct whatsoever.

4. **NON-DISPARAGEMENT.** McIntosh shall refrain from expressing (or causing others to express) to any third party any derogatory or negative opinions or statements concerning any of the Released Parties or concerning the operations of Florida Capital Bank. The Released Parties agree that they shall refrain from expressing (or causing others to express) to any third party any derogatory or negative opinions or statements concerning McIntosh.

5. **REFERENCES.** If Florida Capital Bank is contacted by a prospective employer of McIntosh, Florida Capital Bank will provide only McIntosh's dates of employment and the positions she held. No other information will be provided.

6. **SEVERABILITY.** If a court of competent jurisdiction invalidates any provision of this Agreement, then all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

7. **ENTIRE AGREEMENT.** This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. McIntosh represents and acknowledges that, in executing this Agreement, she does not rely and has not relied upon any representation or statement made by any Released Parties or their agents, representatives or attorneys which is not set forth in this Agreement.

8. **SUPERSEDES PAST AGREEMENTS.** This Agreement supersedes and renders null and void any previous agreements or contracts, whether written or oral, between McIntosh and any Released Party.

9. **GOVERNING LAW.** The laws of the State of Florida shall govern this Agreement.

10. **AGREEMENT NOT TO BE USED AS EVIDENCE.** This Agreement shall not be admissible as evidence in any proceeding except one in which a party to this Agreement seeks to enforce this Agreement or alleges this Agreement has been breached.

11. **ATTORNEYS' FEES.** The prevailing party shall be entitled to an award of its costs and attorneys' fees incurred in any action to enforce the terms of this Agreement (including seeking injunctive relief or rescission), or to defend a claim, lawsuit or other type of action which has been waived herein.

12. **OPPORTUNITY TO CONSIDER AND CONFER.** McIntosh acknowledges that she has been offered a period of 21 days within which to consider this Agreement. McIntosh further acknowledges that she has had the opportunity to read, study, consider, and deliberate upon this Agreement and that she:

> a.  has been advised of her right to review this Agreement with counsel of her choice;

4

    b.    fully understands and is in complete agreement with all the terms of this Agreement;

    c.    is signing this Agreement freely and voluntarily; and

    d.    has not relied on any representation or statement made by FLORIDA CAPITAL BANK or its agents or employees, except those set forth in this Agreement.

13.    **EFFECTIVE DATE.**  After signing this Agreement, McIntosh has a period of seven (7) days in which she may revoke this Agreement to the extent it waives and releases a claim under the ADEA, and the Agreement shall not become effective or enforceable as to the waiver of ADEA claims until the revocation period has expired.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, JANICE MCINTOSH and FLORIDA CAPITAL BANK, N.A., hereby execute this Settlement Agreement, Waiver and Release, consisting of six (6) pages (which include the signature pages) and including fourteen (13) enumerated paragraphs, by signing below voluntarily and with full knowledge of the significance of all of its provisions.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

STATE OF FLORIDA
COUNTY OF ~~DUVAL~~ NASSAU
Jm

Executed at Jacksonville, Duval County, Florida this 23 day of March, 2018.

**WITNESS:**

_____    _Janice McIntosh_____
Print Name: _Gretchen Nighbert_    JANICE MCINTOSH

Sworn to and subscribed before me this 23 day of March, 2018, by JANICE MCINTOSH, who is ___ personally known to me; or ✓ has produced _DRIVERS LICENSE_ as identification.

Notary Signature: _Joann Malinowski_
Print Name: _JOANN MALINOWSKI_
Notary Commission Expires: _09/19/2020_

(Affix Notary Seal)

Joann Malinowski
Notary Public
State of Florida
My Commission Expires 9/19/2020
Commission No. GG 31903

STATE OF FLORIDA
COUNTY OF DUVAL

Executed at Jacksonville, Duval County, Florida this 27th day of ~~September~~ March, ~~2016~~ 2018.

**WITNESS:**

_Audrey Blige_                    FLORIDA CAPITAL BANK, N.A.
Print Name: _Audrey Blige_       By: _Pamela A. Davis_
                                      Pamela A. Davis

Sworn to and subscribed before me this 27 day of March, 2018, by _PAM DAVIS_, in _her_ capacity as _SVP Human Res_ of FLORIDA CAPITAL BANK, N.A., who is ✓ personally known to me; or ___ has produced _____ as identification.

Notary Signature: _M. Woodbeck_
Print Name: _M. WOODBECK_
Notary Commission Expires: _8-1-21_

WSACTIVEI.LP:9678440.1

(Affix Notary Seal)

MICHELLE R. WOODBECK
Commission # GG 130351
Expires August 1, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

6